## COTTON et al. v. WOODS.

No. 6874—Opinion Filed May 8, 1917.

(165 Pac. 163.)

### Appeal and Error—Motion to Dismiss—Consideration.

A motion to dismiss a case predicated upon a motion of a defendant in error, who recovered in the trial court, and who was an incompetent under guardianship at the time of filing such motion to dismiss, cannot be legally entertained, and such motion will be denied.

(Syllabus by Collier, C.)

Error from District Court, Haskell County; W. H. Brown, Judge.

Action by Henrietta Woods, an incompetent, by J. K. McKinney, her guardian, against Fred Cotton and others. Judgment for plaintiff, motion for new trial overruled, and defendants bring error. Motion to dismiss cause denied.

A. L. Beckett and Rosser & Cochran, for plaintiffs in error.

Clark & Foster, for defendant in error.

Opinion by COLLIER, C. This action was instituted by the defendant in error against the plaintiffs in error to remove clouds from the title of land described in the petition filed in said cause, and resulted in a judgment in favor of Henrietta Woods, canceling all deeds executed to the defendants, or either of them, by the defendant in error, and enjoining the plaintiffs in error, and all those claiming under them, from commencing any suit or action disturbing plaintiff in the possession and title of said lands in controversy, and from setting up any claim or interest adverse to the interests of said plaintiff, and from disturbing the plaintiff in her peaceable and quiet enjoyment of said lands. Within the time provided by law the defendants moved for a new trial, which was overruled, excepted to, and error brought to this court.

This cause is now submitted upon motion to dismiss the case, said motion being filed

by Rosser & Cochran, as attorneys for Fred Cotton, one of the defendants in said cause, based upon a motion made by said Henrietta Woods, upon the grounds:

"That the lands in controversy had been legally sold; that she was persuaded to bring this suit, but that she did not bring it of her own free will; that since it was brought she has executed a deed to the said Fred Cotton, and received from said Fred Cotton at the time of making the deed the sum of $50 in addition to the amount paid her guardian; and that she does not think it right and just to prosecute this matter further, and therefore moves the court to dismiss this case."

This motion to dismiss the case is resisted by the guardian of Henrietta Woods, an incompetent, and in support of said resistance there is attached thereto a duly certified transcript of the proceedings of the county court of Haskell county, showing that on the 2d day of March, A. D. 1914, said Henrietta Woods was declared to be an incompetent, that J. L. McKinney was duly appointed her guardian, and that said guardianship is still in force.

The motion under consideration was filed July 10, 1916, at which time Henrietta Woods was an incompetent, and therefore the motion· to dismiss the case is without legal force and without the slightest merit; and the said motion to dismiss the case is hereby denied.

It is hereby ordered that the plaintiffs in error be given 20 days in which to file a brief on the merits of the appeal, and that the defendant in error be given 20 days thereafter in which to file answer brief.

By the Court: It is so ordered.